IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-1552-ABJ-BNB

STEPHEN SCHULZ, et al.,

    Plaintiffs,

vs.

CITY OF LONGMONT, COLORADO,

    Defendant.

ORDER DENYING DEFENDANT'S MOTION TO
REVIEW TAXATION OF COSTS

    Matters concerning defendant's claims for expenses and costs in the above captioned matter came before the Court for consideration, pursuant to the defendant's Motion to Review Taxation of Costs, the plaintiffs' response to the defendant's motion, and the defendant's further reply, as well as the plaintiff's response to the defendant's Bill of Costs.

    A hearing was held before the Chief Deputy Clerk of the United States District Court for the District of Colorado on October 6, 2004.  At the hearing, the Clerk determined an award of costs for defendant in the amount of $2,323.60.

The defendant has expressed concerns about the clerk's taxation of costs and has again requested that additional costs for certain witness fees and other costs related to depositions and travel be taxed in this case. The defendant seeks to be awarded additional costs, including costs associated with conducting the deposition of all twenty eight plaintiffs in this case, asserted to be related to depositions necessarily obtained for use in the case, in the amount of $7,993.00; copying costs of records concerning plaintiffs in the total amount of $6,739.27 (including costs for obtaining copies of the twenty-eight plaintiffs' federal income tax returns in the amount of $5,736.12, medical records in the amount of $616.87, employment records in the amount of $468.63); and costs of deposition transcript and associated costs of travel for the Ann Everhart deposition in the amount of $498.69; for a total award of costs in the amount of $17,606.96. This is compared to the clerk's bill of costs in a total amount of $2,323.60.

The Court has considered defendant's arguments and has also has reviewed costs requested to be awarded by defendant and has determined that the Clerk's taxation of costs is correct and is consistent with applicable law, 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1), and that defendant is not entitled to the costs and expenses claimed. The provisions of Rule 54(d) and 28 U.S.C.

§ 1920 are not fee and cost-shifting provisions that would allow this Court to award, in its discretion, the costs that defendant has requested in its Motion for Review of Costs.  See e.g., Garcia v. Wal-Mart Stores, Inc., 209 F.3d 1170, 1176-1177 (10th Cir. 2000).  In accordance with the foregoing, it is therefore

ORDERED that the defendant's Motion to Review Taxation of Costs shall be, and is, DENIED. It is further

ORDERED that the Clerks Bill of Costs in the amount of $2,323.60 shall be, and is, AFFIRMED.

Dated this 27th day of February, 2006.


          _____s/Alan B. Johnson___
          UNITED STATES DISTRICT JUDGE
             BY DESIGNATION